**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANJAY SOOKUL,<br><br>Plaintiff,<br><br>– against –<br><br>CALENDAR HOLDINGS, LLC,<br><br>Defendant. | Civil Action No.: _______________<br><br>**NOTICE OF REMOVAL**<br><br>(New York Supreme Court, Bronx County, Index No. 817024/2026E) |

TO: THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that Defendant Calendar Holdings, LLC ("Defendant" or "Calendar Holdings"), through its undersigned counsel, hereby removes the above-captioned action from New York Supreme Court, Bronx County, Index No. 817024/2026E ("State Court Action") to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441, and 1446.

Removal is proper because the Complaint asserts a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. (the "ADA"), over which this Court has original jurisdiction under 28 U.S.C. § 1331, and because this Court has supplemental jurisdiction over the Complaint's remaining claims under 28 U.S.C. § 1367. Defendant respectfully submits the bases for removal below.

## I. THE STATE COURT DOCKET & FILINGS

1. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the State Court Action's docket sheet is included as **Exhibit 1**; the Summons and Complaint from that docket is included as **Exhibit 2**, the Proof of Service filed on that docket is included as **Exhibit 3**, and **Exhibit 4** is

the Service of Process Transmittal Summary from Defendant's statutory agent for service of process stating that a process server delivered the attached Summons and Complaint to it in Wilmington, Delaware on September 25, 2026 "at 9:00."

## II. PLAINTIFF CLAIMS DISABILITY DISCRIMINATION UNDER THE ADA AND ANALOGOUS STATE & CITY LAWS.

2. On August 27, 2027, Plaintiff Sanjay Sookul ("Plaintiff") filed his Complaint in the New York Supreme Court, Bronx County to initiate the State Court Action under the caption *Sookul v. Calendar Holdings, LLC*, Index No. 817024/2026E.

3. In the Complaint, Plaintiff alleges that blind and visually impaired individuals such as himself cannot access Defendant's webpage. Without a webpage accessible to the blind and visually impaired, Plaintiff claims that Defendant denied Plaintiff the full and equal enjoyment of the goods, services, and accommodations offered through its webpage, failed to afford Plaintiff an opportunity afforded to other individuals, failed to make reasonable modifications or accommodations, and failed to take steps necessary to ensure that no individual with ability is excluded or denied services. Exhibit 2, Complaint, ¶¶ 97–111. Because Defendant is alleged to have offered goods and services that the blind and visually impaired could not access through Defendant's webpage, Plaintiff asserts five counts of disability discrimination against Defendant, each of which is based on an alleged violation of the laws of the United States, New York State, or New York City.

4. In particular, and in Count 5, Plaintiff alleges that Defendant's violated Title III of the ADA because Defendant's webpage was allegedly inaccessible to blind and visually impaired users such as Plaintiff. Exhibit 2, Complaint, ¶¶ 97–111. Count 5 identifies separate sections of the ADA that Plaintiff alleges Defendant to have violated. *See, e.g.*, Exhibit 2, Complaint, ¶¶ 101 - 104 (describing violations of 42 U.S.C. §§ 12182(b)(1)(A)(I)–(II); 12182(b)(2)(A)(II)–(III)).

Based on these alleged ADA violations, Plaintiff seeks injunctive relief, costs, and reasonable attorneys' fees as authorized under specific sections of the ADA. Exhibit 2, Complaint, ¶¶ 109-111; *see also id.*, Prayer for Relief (d) ("granting a preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website fully comply with the requirements set forth in the ADA.").

5. Under Count 6, Plaintiff asks the Court to enter a judgment that declares and determines Plaintiff's rights and Defendant's obligations under the ADA. Exhibit 2, Complaint, ¶¶ 112-115.

6. In Counts 1 – 4 of the Complaint, Plaintiff asserts that the inaccessibility of Defendant's webpage discriminates based on disability in violation of state and local law for the same reasons that the webpage allegedly violated the ADA. Exhibit 2, Complaint ¶¶ 40-60 (Count 1 – Violations of New York State Human Rights Law); ¶¶ 61-72 (Count 2 - Violations of New York State Civil Rights Law § 40), ¶¶ 73-82 (Count 3 – Violations of New York State Civil Rights Law § 40-c); ¶¶83-96 (Count 4 – Violations of New York City Human Rights Law). These state and city statutory and administrative claims arise from the same condition of Defendant's webpage that Plaintiff alleges to be actionable under the ADA.

## III. GROUNDS FOR REMOVAL

### A. The Court has original jurisdiction to determine the federal questions that Plaintiff raises under the ADA in Counts 5 and 6 of the Complaint.

7. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law for purposes of § 1331 when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. Under Counts 5 and 6, Plaintiff presents a claim under the ADA and seeks the injunctive relief, fees, and costs that the ADA authorizes and seeks a declaration of rights and obligations under the ADA. Counts 5 and 6 of the Complaint are based on alleged violations of federal law and seek the remedies authorized under federal law for those violations. Based on Counts 5 and 6, the face of the Complaint presents the court with federal questions over which it has original jurisdiction. 28 U.S.C. § 1331.

10. The State Court Action is accordingly removable under 28 U.S.C. § 1441(a).

**B. The Court has supplemental jurisdiction over Plaintiff's remaining claims.**

11. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12. Plaintiff's state- and local-law claims for disability discrimination arise from the same alleged facts regarding Defendant's webpage being inaccessible to the blind and the visually impaired and asserts the same conduct alleged to be in violation of the ADA as violations of state and local statutes under which Plaintiff seeks actual damages, punitive damages, costs, and fees.

13. Because those claims derive from a common nucleus of operative fact with the ADA claim, they form part of the same case or controversy, and this Court has supplemental jurisdiction over them under 28 U.S.C. § 1367(a).

## IV. REMOVAL IS TIMELY, NO CONSENTS REQUIRED.

14. Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

15. Defendant first received a copy of the Summons and Complaint on September 25, 2026, when Defendant's statutory agent for service of process in Delaware sent Defendant a copy of the Summons and Complaint that a process server had delivered that day. Exhibit 4.

16. Plaintiff has not named any other defendant in the State Court Action, and Defendant is the only defendant that has been named. No consent from any other party is required for this Notice of Removal to become effective. *See* 28 U.S.C. § 1446(b)(2)(A), (C).

17. Defendant has not answered, moved, or otherwise appeared in the State Court Action as of the time of this filing.

## V. THE SOUTHERN DISTRICT OF NEW YORK IS PROPER FOR CASES REMOVED FROM BRONX COUNTY.

18. The State Court Action is pending in New York Supreme Court for Bronx County. Bronx County lies within the Southern District of New York. 28 U.S.C. § 112(b). This Court is therefore "the district court of the United States for the district and division embracing the place where such action is pending," and removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

19. By removing this action, Defendant does not concede that the Southern District of New York is a convenient forum or the forum in which this action should proceed. Defendant expressly reserves its right to seek an order compelling arbitration, staying this action pending the outcome of such arbitration, or transferring this action pursuant under 28 U.S.C. § 1404(a) based

on the jurisdiction, venue, and arbitration provisions included in Defendant's Terms of Service for the webpage that serves as the basis of Plaintiff's claim.

## VI. DEFENDANT HAS COMPLIED WITH ALL ADMINISTRATIVE AND PROCEDURAL REMOVAL REQUIREMENTS.

20. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached as **Exhibits 1 – 3,** and **Exhibit 4** establishes the date Defendant received notice of the lawsuit.

22. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff, through Plaintiff's counsel of record, and will file a copy of this Notice of Removal, together with a Notice of Filing of Notice of Removal, with the Clerk of the Supreme Court of the State of New York, County of Bronx, which shall effect the removal, and the State Court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

23. Defendant is filing contemporaneously herewith a Civil Cover Sheet, a Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.1, and a Related Case Statement as applicable, pursuant to the Rules for the Division of Business Among District Judges of this Court, and the required filing fee.

## VII. RESERVATION OF RIGHTS AND NON-WAIVER

24. By filing this Notice of Removal, Defendant does not waive, and expressly reserves, all rights, defenses, and objections available to it, including without limitation:

(a) the right to compel arbitration of Plaintiff's claims pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16, and the written arbitration agreement contained in the "Disputes – Arbitration Agreement" section of the Calendars.com Terms of Use (the "Terms"), which provides that "[a]ny dispute of any kind between Calendars.com and you, including but not limited to any claim relating in any way to any advertisements, pricing, products, or services sold or distributed by Calendars.com, will be resolved by binding arbitration, rather than in court," administered by the American Arbitration Association, and the right to a stay of this action pending arbitration pursuant to 9 U.S.C. § 3;

(b) the right to enforce the "Jurisdiction" provision of the Terms, which provides that "[i]f for any reason a claim proceeds in court rather than in arbitration, . . . [e]xclusive jurisdiction and venue for any such action will be in the state and federal courts located in Travis County, Texas," including by motion to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Texas, Austin Division;

(c) the right to enforce the parties' waiver of trial by jury under the Terms as to any claim that proceeds in court;

(d) all defenses and objections under Rule 12(b) of the Federal Rules of Civil Procedure, including lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted; and

(e) all other defenses, affirmative defenses, counterclaims, and objections, whether under federal, state, or local law, including the class-action waiver contained in the Terms.

25. Defendant intends to move promptly to compel arbitration of Plaintiff's claims and to stay this action pending arbitration, and, in the alternative, to transfer any claim that is to proceed in court to the United States District Court for the Western District of Texas, Austin Division,

pursuant to the Terms. Nothing in this Notice of Removal is intended to be, or should be construed as, an election to litigate Plaintiff's claims in any judicial forum rather than in arbitration, or as an act inconsistent with Defendant's right to arbitrate.

26. Nothing in this Notice of Removal is intended to be, or should be construed as, an admission of any of the allegations in the Complaint, an admission that Plaintiff has stated a claim or is entitled to any relief, or an admission as to the amount of any damages Plaintiff may recover. Defendant denies that it is liable to Plaintiff in any amount.

27. If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to submit briefing and oral argument in support of its position that this action is removable and reserves the right to amend or supplement this Notice of Removal.

BASED ON THE FOREGOING, Defendant Calendar Holdings, LLC hereby removes the State Court Action, *Sookul v. Calendar Holdings, LLC*, Index No. 817024, pending in the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York.

Dated: New York, New York
October 21, 2026

Respectfully submitted,

**DIAMOND McCARTHY LLP**

By:__________________________________

Allan B. Diamond (SDNY No. ABD5238)
15 West 81st Street Suite 1000
New York, NY 10024
Tel.: 212-430-5400
*adiamond@diamondmccarthy.com*

Brian R. Hogue, *pro hac vice forthcoming*
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Tel.: 713.333.5100
*Brian.Hogue@DiamondMcCarthy.com*

*Attorneys for Defendant*